IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR LLOYD MITCHELL, | : | CIVIL ACTION NO. **1:CV-12-0028** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JUDGE JEANNINE TURGEON and | : | |
| JOEL R. HOGENTOGLER, | : | |
| | : | |
| | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On January 26, 2012, Plaintiff Victor Lloyd Mitchell, an inmate at the Dauphin County Prison ("DCP"), Harrisburg, Pennsylvania, filed another civil rights action, pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a Motion for leave to proceed *in forma pauperis*. (Doc. 2).[1] Plaintiff also filed a "Motion for Preferential Trial Setting," pursuant to 28 U.S.C. §1657, with his attached Affidavit. (Doc. 4).

---

[1]On June 29, 2011, Plaintiff Victor Lloyd Mitchell filed a previous civil rights action, pursuant to 42 U.S.C. § 1983. Plaintiff's 11-1240 case was dismissed on August 9, 2011. *See Mitchell v. Dauphin County Commissioners*, Civil No. 11-1240, M.D. Pa. Also, on June 29, 2011, Plaintiff Mitchell filed a second civil rights action, pursuant to 42 U.S.C. § 1983, against ADA Hogentogler, *et al. See* Civil No. 11-2217, M.D. Pa. On December 15, 2011, the undersigned issued a Report and Recommendation in Plaintiff's 11-2217 case which is presently pending before the District Court.

On October 27, 2011, Plaintiff Mitchell filed another civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint in this action has been served on Defendants, and a response to the Complaint was filed on December 28, 2011. Defendants filed a Motion to Stay the case until Plaintiff has his criminal trial in Dauphin County Court, which is scheduled in February 2012. *See Mitchell v. Grynkewicz, et al.,* Civil No. 11-1998, M.D. Pa.

Plaintiff's civil rights actions all appear to relate to his pending criminal charges in Dauphin County, CP-22-CR-617-2011.

Plaintiff's claims were set forth on a form civil rights complaint routinely provided to inmates. Plaintiff also attached two (2) handwritten pages to his form Complaint.  In his Complaint, Plaintiff names the following two (2) Defendants: Judge Jeannine Turgeon, of the Dauphin County Court of Common Pleas; and Joel R. Hogentogler, Esq., Deputy/Assistant District Attorney ("ADA") with the Dauphin County District Attorney's Office.  (Doc. 1, p. 2).  Plaintiff indicates that while  DCP has a grievance procedure available, it is not applicable to his claims raised in his instant Complaint since they do not relate to prison conditions.  (*Id.*, pp. 1 and 5).

## II.  Allegations of Complaint.

In his 5-paragraph Statement of Claim contained in his Complaint, Plaintiff alleges that on December 22, 2011, he had a pre-trial hearing in the Dauphin County Court of Common Pleas with respect to a criminal case pending against him, namely, *Com. of PA v. Victor Lloyd Mitchell*, CP-22-CR-617-2011.  (*Id.*, p. 3).[2]  Plaintiff alleges that, during the hearing, Defendants "both physically conduct[ed] an illegal search and seizure of legal papers and effects possessed by [him]" at the direction and authority of Defendant Judge Turgeon.  (*Id.*, pp. 3-4).  Plaintiff avers that he possessed the legal documents for the purpose of representing himself in this criminal case, CP-22-CR-617-2011.  Plaintiff also avers that "said search and seizure was unreasonable, without warrant, absent probable cause, and conducted without [his] consent."  Plaintiff further alleges:

> 2.  The Plaintiff alleges that the nature of such actions are "extreme,"
> and that such situation is "extraordinary," that this instant case is "exceptional,"

---

[2]   We have obtained a copy of Plaintiff's Dauphin County Criminal Docket for case number CP-22-CR-617-2011 at http://ujsportal.pacourts.us.   We take judicial notice of Plaintiff's Dauphin County Criminal Docket, CP-22-CR-617-2011.

> by any measure, and that such actions have critically violated his rights protected
> by no less than the Fourth and Fourteenth Amendments to the Constitution.

(*Id.*, p. 4).

Thus, Plaintiff alleges that Defendants' conduct violated his Fourth and Fourteenth Amendment rights.  (*Id.*).

As relief, Plaintiff requests compensatory and punitive damages against both Defendants. (*Id.*, p. 6).  Plaintiff correctly does not sue Defendants for damages in their official capacities.[3] Rather, Plaintiff only sues Defendants in their personal capacities.  (*Id.*, p. 5).  Plaintiff also seeks an injunction requiring Defendant Judge Turgeon to recuse herself in his criminal case, case CP-22-CR-617-2011, and an injunction requiring Defendant ADA Hogentogler to disqualify himself in his criminal case, CP-22-CR-617-2011.  Plaintiff also requests declaratory relief barring Defendants from participating in any future proceedings involving him, and a declaration that Defendants' December 22, 2011 actions violated his constitutional rights.  (*Id.*).[4]

---

[3]As Plaintiff recognizes, he cannot seek compensatory damages from the state actor Defendants in their official capacities.  To the extent that Plaintiff seeks monetary damages from Defendants, both compensatory and punitive damages, he can only sue the state actor Defendants in their individual or personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential).

[4]We find that Plaintiff has adequate state court remedies to seek the recusal and disqualification of Defendants in his criminal case, CP-22-CR-617-2011.  In fact, in his Dauphin County criminal case, Plaintiff recently filed a Motion to Disqualify the Commonwealth Attorney, and the Court denied it at the December 22, 2011 hearing.

We construe Plaintiff as raising Fourth and Fourteenth Amendment claims against Defendants for illegally searching and seizing his legal documents during a pre-trial hearing in the Dauphin County Court in his criminal case, CP-22-CR-617-2011.

We now screen Plaintiff's pleading as we are obliged to do under the PLRA. *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).[5]

## III.  PLRA.

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Doc. 2).  The Prison Litigation Reform Act of 1995,[6] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[7]  Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[5]This case has been assigned to the undersigned Magistrate Judge for pre-trial matters. *See* 28 U.S.C. § 636(b).

[6]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[7]The Plaintiff filed an application to proceed *in forma pauperis* with and an authorization to have funds deducted from his prison accounts. (Docs.  2, 3 and 7).

**IV. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[8] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Phillips v. Miller*, 2010 WL 771793, *2 (M.D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

---

[8] Plaintiff alleges in his pleading that both Defendants are state agents. *See McCarthy v. County of Bucks*, 2008 WL 5187889, * 1, n. 4 (E.D. Pa.).

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence.  Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a

viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation

of a Plaintiff's constitutional rights."), citing *Rode, supra*.

The Court uses the same standard to screen a complaint under the PLRA as it does for a

12(b)(6) motion to dismiss.  *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews

v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

**V.  Motion to Dismiss Standard.**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court

stated:

> The Third Circuit Court of Appeals recently set out the appropriate
> standard applicable to a motion to dismiss in light of the United States
> Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433
> (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o
> survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true to 'state a claim that relief is plausible on its
> face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The
> Court emphasized that "only a complaint that states a plausible claim
> for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it
> continued, "[d]etermining whether a complaint states a plausible claim
> for relief will ... be a context-specific task that requires the reviewing
> court to draw on its judicial experience and common sense." *Id.*
> (citation omitted).  *McTernan v. City of York,* 577 F.3d 521, 530 (3d
> Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal*
> in detail and provided a road map for district courts presented with a
> motion to dismiss for failure to state a claim in a case filed just a week
> before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

## VI. Discussion.

### 1. *Judicial Immunity*

To the extent that Plaintiff is raising claims under Fourth and Fourteenth Amendments against Defendant Judge Turgeon and he is seeking money damages, we will recommend that these claims against this Defendant be dismissed with prejudice.  We find that Plaintiff's claims against the Judicial Defendant in this case are barred based on the doctrine of Judicial Immunity.  We find that the Eleventh Amendment of the United States Constitution protects Defendant Judge Turgeon from suit in federal court because Plaintiff sues her entirely for acts taken in her judicial capacity during a December 22, 2011 pre-trial hearing in Plaintiff's Dauphin County criminal case, CP-22-CR-617-2011.

*See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007); *Clark v. Conahan*, 737 F.Supp. 2d 239, 255-56 (M.D. Pa. 2010); *Dougherty v. Snyder*, 2011 WL 1871226, *13; *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d 672, 696 W.D. Pa. 2009).  Plaintiff's suit against Defendant Judge Turgeon seeks to address actions taken by her within her jurisdiction and within her official judicial capacity in her courtroom on December 22, 2011, during Plaintiff's pre-trial hearing.  As such, the actions of Defendant Judge Turgeon are entitled to absolute judicial immunity.

In *Clark*, 737 F.Supp. 2d at 256, the Court stated:

> For judicial immunity to apply, only two requirements must be met: 1) jurisdiction over the dispute, and 2) a judicial act. *Id.* at *7. As to the first, a judge is not immune only when he has acted in the "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted). As to the second prong, judicial immunity extends only to "judicial acts," not administrative, executive, or legislative ones. *Id.* at 360–61, 98 S.Ct. 1099. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump,* 435 U.S. at 356, 98 S.Ct. 1099 (citation omitted). The fact that the judge was incorrect about the status of jurisdiction or that there were procedural errors causing the judge to act without jurisdiction does not satisfy the requirements for defeating immunity. *Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 771 (3d Cir.2000). In determining whether an act is judicial, it is appropriate to consider 'the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge,' and 'the expectations of the parties, *i.e.,* whether they dealt with the judge in his official capacity.' " *Wallace,* 2009 WL 4051974, at *7 (quoting *Stump,* 435 U.S. at 362, 98 S.Ct. 1099). "Acts which are traditionally done by judges include issuing orders, resolving cases and controversies, making rulings, and sentencing criminal defendants. Other actions such as sending a fax, or hiring and firing subordinates, have been found to be administrative, rather than judicial, acts. Note, however, that even if an act is not judicial, there may be still be immunity if the act is legislative or executive in nature." *Id.*

We find that Defendant Judge Turgeon, who presided over Plaintiff's pre-trial hearing in his Dauphin County criminal case, is entitled to absolute judicial immunity with respect to all of Plaintiff's damages claims against her in her individual capacity.  According to the Criminal Docket in Plaintiff's

Dauphin County criminal case, CP-22-CR-617-2011, the December 22, 2011 pre-trial hearing involved, in part, Plaintiff's Motion to Disqualify the Commonwealth Attorney, *i.e.*, Defendant ADA Hogentogler. On December 22, 2011, the Court denied Plaintiff's stated Motion.

We find that Plaintiff's present claims against Defendant Judge Turgeon, as detailed above, relate to the performance of her judicial duties in handling his pre-trial hearing and related court matters against Plaintiff, and that these claims for damages against this Judicial Defendant in her individual capacity are precluded by absolute judicial immunity. *See Stankowski*, 487 F. Supp. 2d 543; *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *7 (M.D. Pa.); *Rush v. Wiseman*, 2010 WL 1705299, *7; *Clark*, 737 F.Supp. 2d at 256; *Dougherty v. Snyder*, 2011 WL 1871226, *13; *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d at 696; *Brookhart v. Rohr*, 385 Fed. Appx. 67, 70 (3d Cir. 2010)("judges are absolutely immunized from a suit for money damages arising from their judicial acts.")(citations omitted).

Based upon the above, we find that the Court should not allow Plaintiff to amend his Complaint with respect to his damages claims against Defendant Judge Turgeon, since we find it would be futile. *See Clark*, *supra*.; *Stankowski*, *supra*. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002). *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

We now discuss Defendant ADA Hogentogler and whether he is entitled to prosecutorial immunity with respect to Plaintiff's claims for damages.

*2. Prosecutorial Immunity of Defendant ADA Hogentogler*

The issue arises as to whether Plaintiff's claims for damages against Defendant ADA Hogentogler should be dismissed because prosecutors enjoy absolute immunity when performing official duties during a criminal prosecution of a defendant. *See Sanders v. Downs*, 420 Fed.Appx. 175, 180 (3d Cir. 2011)(citation omitted).

As the Court held in *Williams v. Marino*, Civil No. 03-0632, M.D. Pa., a District Attorney is entitled prosecutorial immunity with respect to a Plaintiff's request for monetary damages if they are based on the District Attorney's performance of his official duties in prosecuting Plaintiff. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa.  2007); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Radocesky v. Munley*, 247 Fed. Appx. 363, 365 (3d Cir. 2007)("The decision whether or not to initiate or prosecute a case is completely discretionary with prosecutors and also is absolutely immunized from a suit for damages."), citing *Imbler v. Pachtman*, 424 U.S. 409 (1976).[9]

---

[9]As noted above, we have obtained a copy of the Criminal Docket Sheet in the case of *Com. of PA v. Victor Lloyd Mitchell*, CP -22-CR-0617-2011, Dauphin County Court of Common Pleas, at website http://ujsportal.pacourts.us.  We take judicial notice of Plaintiff's Dauphin County Court of Common Pleas Criminal Docket Sheet.  *See Sanders v. Downs*, 420 Fed.Appx. 175, 179, n. 2 (3d Cir. 2011).  The Criminal Docket Sheet in the case of *Com. of PA v. Victor Lloyd Mitchell*, CP -22-CR-0617-2011, Dauphin County Court of Common Pleas, indicates that on December 29, 2010, Plaintiff was arrested and charged with aggravated assault, 18 Pa.C.S. §2702(a)(1), use/possession of drug paraphernalia, 35 Pa.C.S. §780-113(a)(32), and possession of instrument of crime, 18 Pa.C.S. §907(a).  Plaintiff had a preliminary hearing on February 2, 2011, and all three charges against him were bound over to Dauphin County Court of Common Pleas  for trial.  The criminal case against Plaintiff in Dauphin County Court of Common Pleas is currently pending, and Plaintiff has filed numerous *pro se* pre-trial motions to suppress evidence, as well as a motion for a subpoena for the production of Internal Police Department

In *Light v. Haws*, 472 F. 3d 74, 77-78 (3d Cir. 2007), the Third Circuit stated:

> "Most public officials are entitled only to qualified immunity" from
> Section 1983 actions. *Yarris v. County of Delaware,* 465 F.3d 129, 135
> (3d Cir.2006); *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct.
> 2606, 125 L.Ed.2d 209 (1993) (ordinarily, "[q]ualified immunity
> represents the norm") (internal quotation marks and citations omitted).
> Nonetheless, in *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47
> L.Ed.2d 128 (1976), the Supreme Court held that, in light of the immunity
> historically accorded prosecutors at common law, state prosecutors
> are absolutely immune from liability under § 1983 for actions performed
> in a quasi-judicial role. *Id.* at 427, 431, 96 S.Ct. 984. This protection is
> "not grounded in any special esteem for those who perform these
> functions, and certainly not from a desire to shield abuses of office, but
> because any lesser degree of immunity could impair the judicial process
> itself." *Kalina v. Fletcher,* 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d
> 471 (1997) (internal quotation marks and citations omitted). This court
> has since amplified that "participation in court proceedings and
> other conduct intimately associated with the judicial phases of litigation"
> are "actions performed in a quasi-judicial role." *Carter v. City of
> Philadelphia,* 181 F.3d 339, 356 (3d Cir.1999) (internal quotation marks
> and citations omitted). We have given as other examples of prosecutorial
> actions that warrant absolute immunity, "acts undertaken by a
> prosecutor in preparing for the initiation of judicial proceedings or for trial,
> and which occur in the course of his role as an advocate for the State[.]"
> *Yarris,* 465 F.3d at 135 (internal quotation marks and citations omitted);
> *McArdle v. Tronetti,* 961 F.2d 1083, 1085 (3d Cir.1992) (holding that
> prison physician and prison counselor were absolutely immune as to
> their testimony in court and psychiatric reports to the judge, as that was
> an "integral part of the judicial process").

*See also Gregg v. Pettit*, 2009 WL 57118, *4 (W. D. Pa.).

---

Disciplinary files and a motion to disqualify ADA Hogentogler.

As stated above, on December 22, 2011, Plaintiff had a pre-trial hearing in the Dauphin County Court of Common Pleas regarding his Motion to Disqualify the Commonwealth Attorney.   According to the Criminal Docket in Plaintiff 's Dauphin County criminal case, CP-22-CR-617-2011, Plaintiff has a pre-trial hearing scheduled for February 6, 2012, and a trial set for February 27, 2012.

We find that Defendant ADA Hogentogler's alleged actions regarding the search and seizure of Plaintiff's legal documents during a pre-trial hearing, at the direction and authority of Defendant Judge Turgeon (Doc. 1, p. 3), appear to be closely tied to the judicial phase of the criminal proceedings pending against Plaintiff in Dauphin County as to render him absolutely immune from Plaintiff's request for money damages.

As such, we find that Plaintiff's damages claims against Defendant ADA Hogentogler are precluded by absolute prosecutorial immunity.  Thus, we will recommend that Plaintiff's damages claims against Defendant ADA Hogentogler be dismissed with prejudice.  We find futility of any amended pleading with respect to Plaintiff's damages claims against Defendant ADA Hogentogler since we find that they are precluded by absolute prosecutorial immunity.  *See Light, supra.*

   *3. Claims for an Injunction and Declaratory Relief*

The law is clear that "prosecutors are not immune from suit as to requests for declaratory or injunctive relief." *Blakeney v. Marsico*, 340 Fed.Appx. 778, 779 (3d Cir. 2009)(citations omitted). However, as noted above, Plaintiff's request for an injunction is for this federal Court to require Judge Turgeon to recuse herself from presiding over his pending Dauphin County criminal case and to require ADA Hogentogler, the prosecutor, to disqualify himself from prosecuting Plaintiff.  (Doc. 1, p. 6).  We find that the Court should dismiss Plaintiff's request for injunctive relief since Plaintiff has adequate state court remedies to request Judge Turgeon to recuse herself from presiding in his criminal case and to request ADA Hogentogler to disqualify himself from prosecuting Plaintiff.  We find that this federal Court should not interfere in Plaintiff's pending criminal case in Dauphin County and to decide whether Judge Turgeon can preside over his case and whether ADA Hogentogler can

prosecute his case.  *See Tinsley v. Adams*, 248 Fed.Appx. 309 (3d Cir. 2007); *Keys v. Pennsylvania*, 2011 WL 766978 (M.D. Pa. 1-19-11) adopted by 2011 WL 766950 (M.D. Pa. 2-25-11).

In *Tinsley*, the District Court dismissed Plaintiff's claims for injunctive relief since he sought "federal interference in [his] ongoing state criminal prosecution."  248 Fed.appx. at 311.  The Third Circuit stated that "[a]bsent extraordinary circumstances, where the danger of irreparable loss is both great and immediate, injunctive relief is not available." (citing *Younger v. Harris*, 401 U.S. 37, 45-46, 91 S.Ct. 746 (1971)).

As in *Tinsley*, Plaintiff Mitchell's criminal case in Dauphin County is ongoing, and we find that this federal Court should not interfere in the state judicial process since Plaintiff has not "shown irreparable injury, a flagrant and patent violation of an express constitutional prohibition, or other extraordinary circumstances."  *Id*. at 310.  Plaintiff does not even state what legal documents Defendant Judge Turgeon directed Defendant ADA Hogentogler to take from him, and how those documents were related to his representation of himself in his case.  Nor does Plaintiff state if his documents were returned to him or if copies were given to him.

We find this Court should dismiss Plaintiff's claims for equitable relief under 28 U.S.C. §1915A, based on the ongoing Dauphin County Court criminal case against Plaintiff, as the *Tinsley* Court did with respect to its Plaintiff.

There is also another reason why this Court is barred from enjoining any further involvement of Defendants in Plaintiff's pending criminal proceedings in Dauphin County Court and granting his Injunction request, namely, the Anti-Injunction Act.

Plaintiff's present request for this Court to issue an injunction and intervene into his pending criminal case which has not yet proceeded to trial, and his request for this Court to require Defendant Judge Turgeon to recuse herself and Defendant ADA Hogentogler to disqualify himself from his Dauphin county criminal case, is improper under the Anti-Injunction Act.[10] *See Keys v. Pennsylvania*, 2011 WL 766978, *17 (M.D. Pa. 1-19-11) adopted by 2011 WL 766950 (M.D. Pa. 2-25-11).

In *Leer Elec., Inc. v. Com. of Pa.*, 2008 WL 5378284, *10, the Court stated, "the so-called "Anti-Injunction Act" states that "[t]he writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." Rev. Stat. of 1874, ch. 12, § 720, 18 Stat. 134."

We also find that Plaintiff has adequate state court remedies to seek the recusals and disqualifications of Defendants in his pending Dauphin County criminal case.  We further  find that

---

[10]We note that, to the extent that Plaintiff also claims the conduct of Defendant Judge Turgeon and Defendant ADA Hogentogler was in violation of state law, such claims are barred by the Eleventh Amendment.  *See Leer Elec., Inc. v. Com. of Pa*., 2008 WL 5378284, *3(M.D. Pa.).

In *Leer Elec.*, the Court stated:

Reviewing the complaint in the current case, the Court finds that the Eleventh Amendment denies the Court jurisdiction over the plaintiff's claims brought under Pennsylvania law. As stated by the Supreme Court, "[a] federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law." *Pennhurst [State School & Hosp. V. Halderman],* 465 U.S. [89] at 106[1984]. As such, if the Court were to instruct the Pennsylvania officials on how to conform their conduct to Pennsylvania law, it would engage in a practice that "conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Pennhurst,* 465 U.S. at 106.

*Id*.

14

Plaintiff has adequate state court remedies to seek the return of his legal documents allegedly seized from him at the December 22, 2011 hearing. *See Guarrasi v. County of Bucks*, 2011 WL 1226118, *9 (E.D. Pa. 3-29-11)("The supreme Court has stated that random, unauthorized deprivations of property by state officials, whether intentional or negligent, do not violate due process if there is an adequate state post-deprivation remedy.")(citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parrat v. Taylor*, 451 U.S. 527, 537-43 (1981).

Further the *Guarrasi* Court stated:

> Courts have consistently held that Pennsylvania Rule of Criminal Procedure 588 provides an adequate post-deprivation remedy.FN18 *Welsch v. Twp. of Upper Darby,* No. 07–4578, 2008 U.S. Dist. LEXIS 65500, at *20 (E.D.Pa. Aug. 26, 2008); *Taylor v. Naylor,* 2006 U.S. Dist. LEXIS 27319, at *1 (W.D.Pa. Apr. 26, 2006); *Marsh v. Ladd,* 2004 U.S. Dist. LEXIS 22195, at *22 (E.D.Pa. Oct. 27, 2004); *Potts v. City of Phila.,* 224 F.Supp.2d 919, 938 (E.D.Pa.2002). Guarrasi petitioned the Court of Common Pleas of Bucks County for the return of his property and therefore availed himself of this post-deprivation remedy. It would not have been clear to reasonable officials that defendants' individual actions, in light of Pennsylvania's adequate post-deprivation remedy, violated a clearly established constitutional right. Guarrasi's claim therefore fails because even assuming that all individual defendants, acting under color of state law, deprived Guarrasi of his property, they are entitled to qualified immunity.
>
> > FN18. Pennsylvania Rule of Criminal Procedure 588 provides that (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>
> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property be forfeited.

It is clear from the fact that Plaintiff signed his instant Complaint on December 31, 2011, nine days after his December 22, 2011 hearing, that Plaintiff did not pursue any state court remedies to address his claims and to seek the return of his property.

As his request for declaratory relief, Plaintiff seeks this Court to declare the alleged conduct of Defendants at his December 22, 2011 hearing violated his constitutional rights and, he seeks this Court to bar Defendants from any further participation in any state court proceedings in which he is involved.   (*Id*.).   We again find that the *Younger* abstention doctrine prevents this Court from barring Defendants from any further participation in any state court proceedings in which Plaintiff is involved, including his pending criminal case, CP -22-CR-0617-2011, in the Dauphin County Court of Common Pleas.   *See Tinsley*, *supra*.

We find that Plaintiff's request for declaratory relief that this Court declare the alleged conduct of Defendants at his December 22, 2011 hearing violated his constitutional rights should also be dismissed from this §1983 civil rights action.   In *Blakeney v. Marsico*, 340 Fed.Appx. at 780, the Court stated:

> To satisfy the standing and "case or controversy" requirements of Article III, a party seeking a declaratory judgment "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir.2003) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102-03, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Here, Blakeney seeks a declaration merely that defendants' "acts" and "policies" violate the United States and Pennsylvania Constitutions. He does not allege that he will be subjected to that alleged conduct in the future. Moreover, even if defendants violated Blakeney's rights in the past as he alleges, he is not entitled to a declaration to that effect. *See Brown v. Fauver,* 819 F.2d 395, 399-400 (3d Cir.1987) (directing District Court to dismiss prisoner's Section 1983 claim for prospective relief where appellant "has done nothing more than allege past exposure to unconstitutional state action").

Plaintiff Mitchell has not sought declaratory relief alleging that he will be subjected to illegal searches and seizures in the future by Defendants in violation of his constitutional rights.  Thus, with respect to his stated request for declaratory relief seeking this Court to declare the alleged conduct of Defendants at his December 22, 2011 hearing violated his constitutional rights, we find that Plaintiff lacks standing to request a declaratory judgment regarding alleged past exposure to unconstitutional actions by Defendants.  *See Blakeney, supra.*

Therefore, we will recommend that Plaintiff's request for an injunction and his requests for declaratory relief (Doc. 1, p. 6) be dismissed from this case with prejudice. *See Tinsley, supra; Keys, supra; Blakeney, supra*.

Based on the above discussion, we find futility of allowing Plaintiff to amend his Complaint with respect to his request for an injunction and his requests for declaratory relief.  *See Alston v. Parker*, 363 F.3d at 235-236.

### 4. Claims under Fourth and Fourteenth Amendments

Plaintiff basically alleges violations of his right to be free from illegal searches and seizures under the Fourth and Fourteenth Amendments.  Plaintiff alleges that Defendants illegally searched and seized his legal documents he possessed at his December 22, 2011 pre-trial hearing in the Dauphin County Courthouse.  Plaintiff avers that  he used these documents to represent himself in his ongoing criminal case pending in Dauphin County, CP-22-CR-617-2011.  In *Gale v. Stori*, 608 F.Supp. 2d 629, 633 (E.D. Pa. 2009), the Court stated that a "Fourth Amendment 'seizure' of personal property occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'"

(citations omitted).[11]

In *U.S. v. Nole*, 2006 WL 2085989, *2 E.D. Pa. (7-25-06), the Court held:

> The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The ability to exercise one's Fourth Amendment right, however, is limited. It is considered a "personal right that must be invoked by an individual.... [T]he extent to which [it] protects people may depend upon where those people are." *Minnesota v. Carter,* 525 U.S. 83, 88 (1998) (internal citation omitted); *see also Katz v. United States,* 389 U.S. 347, 351 (1967) ("The Fourth Amendment protects people, not places."). The Supreme Court has limited the "capacity to claim the protection of the Fourth Amendment" to those who have a "legitimate expectation of privacy in the invaded place." *Rakas v. Illinois,* 439 U.S. 128, 143 (1978). Moreover, the expectation of privacy must be a "reasonable one." *Florida v. Riley,* 488 U.S. 445, 455 (1989) (O'Connor, J., concurring).

*See also  Gale v. Stori,* 608 F.Supp. 2d at 635.

To state an illegal search claim against Defendants, Plaintiff must allege that the actions of Defendants constituted a "search and seizure" under the Fourth Amendment and that the search and seizure was "unreasonable."  *See Manolovich v. Park*, 2010 WL 4366265, *7 (W.D. Pa. 10-28-10).

In *Manolovich*, 2010 WL 4366265, *7, the Court stated:

> The Court of Appeals for the Third Circuit has stated the following:

>> The fundamental task of any Fourth Amendment analysis is assessing the reasonableness of the government search. If the search is reasonable, there is no constitutional problem, for the Fourth Amendment only protects individuals from unreasonable

---

[11]Plaintiff does not sufficiently allege that he had a possessory interest in his legal documents he possessed in Dauphin County Court, and that he had a legitimate expectation of privacy in such documents.   Nor does Plaintiff state what the specific documents were and if they were returned to him or given copies of them.

> searches and seizures. Determining whether a search is reasonable
> depends on all the circumstances surrounding the search or seizure
> and the nature of the search or seizure itself, and involves balancing
> on the one hand, the degree to which [the search] intrudes
> upon an individual's privacy and, on the other hand, the degree to
> which [the search] is needed for the promotion of legitimate
> government interests.

*United States v. Sczubelek,* 402 F.3d 175, 182 (3d Cir.2005) (citations and quotation marks omitted).

Additionally, "the Fourth Amendment does not prohibit all searches but only those that are unreasonable." *U.S. v. Colbert*, 2011 WL 3360112, *7 (8-3-11). Further, "[a] Plaintiff's Fourth Amendment rights are implicated only if the conduct of the Defendant infringed upon a reasonable expectation of privacy." *Roberts v. Mentzer*, 2009 WL 1911687, * 3 (E.D. Pa. 7-2-09) (citing *O'Connor v. Ortega*, 480 U.S. 709, 715 (1987)).

In *Colbert*, 2011 WL 3360112, *7, the Court stated:

> In order to avail himself of the protections afforded by the Fourth Amendment, a
> defendant must demonstrate "that he personally has an expectation of privacy in the
> place searched, and that his expectation is reasonable...." *Minnesota v. Carter,* 525
> U.S. 83, 88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998). Because privacy is greatly
> curtailed by the nature of the prison environment, a detainee's Fourth Amendment
> rights likewise are diminished. *Florence v. Board of Chosen Freeholders,* 621 F.3d
> 296, 301 (3d Cir.2010); *Hudson v. Palmer,* 468 U.S. 517, 526, 104 S.Ct. 3194, 82
> L.Ed.2d 393 (1984) (holding that "the Fourth Amendment proscription against
> unreasonable searches does not apply within the confines of the prison cell"); *Bell*,
> 441 U.S. at 537 ("[l]oss of freedom of choice and privacy are inherent incidents of
> confinement in such a facility.").

The question arises in our case whether Plaintiff Mitchell had a reasonable expectation of privacy with respect to his legal documents he possessed during a pre-trial hearing in his criminal case in Dauphin County Court. Thus, the issue is whether Plaintiff inmate, in a pre-trial hearing in County Court regarding his criminal prosecution, had a reasonable expectation of privacy with respect to

searches and seizures of his legal documents he possessed in a state court proceeding in his criminal case.   Based on Plaintiff's Complaint and his allegations stated therein, we find that Plaintiff has not sufficiently alleged he had a reasonable expectation of privacy in his legal documents he  possessed during a pre-trial hearing in his criminal case in Dauphin County Court.   Thus, even if the Court finds that Defendant Judge Turgeon and Defendant ADA Hogentogler are not entitled to absolute immunity, we will recommend that Plaintiff's claims under the Fourth Amendment and Fourteenth Amendment be dismissed without prejudice with respect to his legal documents he possessed during a pre-trial hearing in his criminal case in Dauphin County Court.

## VII.  Recommendation.

Based on the above, it is respectfully recommended that Plaintiff's damages claims against Defendant Judge Turgeon be dismissed with prejudice.  It is also recommended that Plaintiff's damages claims against Defendant ADA Hogentogler be dismissed with prejudice.  In the alternative, if the Court finds that Defendant Judge Turgeon and Defendant ADA Hogentogler are not entitled to absolute immunity, it is recommended that Plaintiff's claims under the Fourth Amendment and Fourteenth Amendment be dismissed without prejudice.

Further, it is recommended that Plaintiff's request for an injunction and his requests for declaratory relief be dismissed from this case with prejudice.  Since it is recommended that all of Plaintiff's requests for relief be dismissed with prejudice, it is also recommended that this case be closed and that Plaintiff's "Motion for Preferential Trial Setting" pursuant to 28 U.S.C. §1657 **(Doc. 4)** be

denied as moot.[12]   Finally, it is recommended that Plaintiff's *in forma pauperis* Motion **(Doc. 2)** be

granted solely for the purpose of filing this action.[13]

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:  January 17, 2012**

---

[12]We also do not find that Plaintiff has shown good cause as to why he requires expedited consideration of his constitutional claims in this case.


[13]If the Court dismisses Plaintiff's instant case, this will be Plaintiff's second strike under the three strike rule, 28 U.S.C. §1915(g).  *See Mitchell v. Dauphin County Commissioners*, Civil No. 11-1240, M.D. Pa.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001).  In *Abdul-Akbar v. McKelvie*, the Court stated:

> Congress enacted the PLRA in order to limit the filing of frivolous and
> vexatious prisoner lawsuits.  To accomplish this, Congress curtailed the
> ability of prisoners to take advantage of the privilege of filing I.F.P.
> The "three strikes" rule added by the PLRA supplied a powerful economic
> incentive not to file frivolous lawsuits or appeals.  In stark terms, it
> declared that the I.F.P. privilege will not be available to prisoners
> who have, on three prior occasions, abused the system by filing frivolous
> or malicious lawsuits or appeals, no matter how meritorious subsequent
> claims may be.

*Id.* at 314-15.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR LLOYD MITCHELL, | : | CIVIL ACTION NO. **1:CV-12-0028** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JEANNIE TURGEON, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **January 17, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                    **s/ Thomas M. Blewitt**

_____  **THOMAS M. BLEWITT**
                                   **United States Magistrate Judge**

**Dated: January 17, 2012**